## Launcelot Jenkin et al., plaintiffs in error, *vs.* James McCully, defendant in error.

### *Error to Henry.*

Where there is a demurrer of one of several defendants in chancery for the want of equity, and going to the merits of the whole bill and undisposed of, a final decree cannot be entered up against the others who are in default for plea, answer or demurrer.

Errors assiged :

1. The court erred in passing the decree and the giving the judgment thereon against one of the defendants in the court below before they were all brought into court by legal process.

2. In granting the decree, while the demurrer of one was undetermined and undisposed of, and foreclosing the equity of redemption of the said defendant.

3. In granting the decree and giving the judgment upon the report of the master's estimate, which contradicts and falsifies the record.

4. In granting the decree against the defendant upon a usurious contract, &c.

The facts of the case are contained in the opinion of the court.

J. B. Teas for plaintiffs in error.

Hall, for defendant in error.

Per Curiam, Mason, Chief Justice.—McCully sold a tract of land to Jenkin, giving him a title bond and receiving a note for the purchase money. Jenkin sold the land and transferred the bond to Lyon, and Lyon transferred in the same manner to Rickey. McCully filed his bill against the three defendants to enforce a vendor's lien. A rule was taken upon all the defendants to plead answer or demur by a particular day. Lyon demurred to the whole bill for want of equity.

The other defendants failing to comply with this rule, default was taken against them. A final decree was entered in effect against all the defendants, and the land directed to be sold.

It is very questionable whether a decree could have been regularly entered up against the parties in default, while the demurrer of the other defendant, going to the whole merits of the bill, remained undisposed of. Such would certainly have been the case where one of the defendants had answered to the merits of the bill. 3 Eq. Dig. 243. The same reason would seem to apply to demurrers.

But at all events the decree was irregular and improper as against Lyon who was not in default, and his demurrer, if sustained, will prove a complete defence to Jenkin and Rickey. The decree will therefore be set aside and the case remanded to Henry county for further proceedings.